THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| CHARONDA BROWN, : | |
|     Plaintiff, : | |
| : | Civil Action No. 1:05cv01808ES |
| vs. : | |
| : | |
| UNITED STATES DEPARTMENT OF : | |
| TRANSPORTATION, *et al.*, : | |
|     Defendants. : | |

**MOTION TO VACATE ORDER**

COMES NOW, Plaintiff, Charonda Brown, by and through counsel, Perry L. Foreman, Jr., Esquire and J.E. Wingfield & Associates, P.C., moves this Honorable Court to vacate dismissal the above matter, sua sponte, under Federal Rule of Civil Procedure 41 (b) for want of prosecution, Reinstate Complaint and Motion for an Extension of Time to Obtain Service on Defendant and as reasons therefore, refers the Court to the attached Memorandum of Points and Authorities.

                                                Respectfully submitted,

                                                LAW OFFICES OF
                                                J.E. WINGFIELD & ASSOCIATES, P.C.

                                                _____
                                                Perry L. Foreman, Jr.,
                                                #477057
                                                700 5th St, NW, #300
                                                Washington, D.C. 20001
                                                (202) 789-8000
                                                Attorney for Plaintiff

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| CHARONDA BROWN,<br>      Plaintiff,<br><br>   vs.<br><br>UNITED STATES DEPARTMENT OF<br>TRANSPORTATION, *et al.*,<br>      Defendants. | :<br>:<br>: Civil Action No. 1:05cv01808ES<br>:<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM OF POINTS AND AUTHORITIES

   COMES NOW, Plaintiff, Charonda Brown, by and through counsel, Perry L. Foreman, Jr., Esquire and J.E. Wingfield & Associates, P.C., moves this Honorable Court to vacate dismissal the above matter, sua sponte, under Federal Rule of Civil Procedure 4(m) and 41 (b) for want of prosecution, Reinstate Complaint and Motion for an Extension of Time to Obtain Service on Defendants, and states as follows:

   1.   That this case involves a September 25, 2002 motor vehicle accident that occurred when a vehicle operated by an agent/employee of Defendant Department of Transportation that rear-ended Plaintiff's vehicle.  Ms. Brown has incurred Two Thousand Eight Hundred Forty-One Dollars and Twenty-Five Cents ($2,841.25) in medical expenses in therapy treatments resulting from the collision in question.

   2.   That prior to suit attempts to settle this matter with Defendant was unsuccessful.

2

3.    That suit was filed on September 13, 2005.

4.    That Plaintiff did not to obtain service on Defendants within to time allowed by the rules because the undersigned counsel was under the belief that Defendants were served by a private process server, when in fact that was not the case.

5.    That counsel failed to file a motion extend because he had problems with his ECF password and upon resolution of the problem the Court entered a dismissal.

6.    That Plaintiff, by counsel, asks the Court to suspend the operation of Rule 4(m) to allow him additional time in which to serve the Defendant.

7.    That Plaintiff's counsel would respectfully request an additional 60 days to allow the summons to be reissued and for a process server to service the Defendant.

8.    That Failure to file a timely affidavit or timely request by motion for an extension of time in which to serve the Defendant was the result of inadvertence of counsel.

9.    That counsel's failure to provide proof of service or affidavit of service pursuant to Rule 4(m) imposes no hardship upon the Defendant nor is it, in of its self the failure to prosecute.  Even in the case of sanctions or failing to provide discovery, which is an imposition upon the Defendant, the Court of Appeals has recognized that dismissal on the merits and that the Court below should consider the nature of the noncompliance,

and evaluate its prejudice to the moving party.  Furthermore, the Court should consider less harmful sanctions.  See <u>Johnson v. United States</u>, 398 A.2d 35 (D.C. 1979).

    10.  That it is suggested that the sanctions called for by Rule 4(m) under the present circumstances would be inequitable as the Plaintiff has meritorious case, which ought to be heard on the merits and no prejudice or disadvantage has been placed upon the Defendant in this action.

    WHEREFORE, the Plaintiff moves the Court for an Order staying the execution of Rule 4(m) and reinstating the Complaint in this action.

    Respectfully submitted,

LAW OFFICES OF
J.E. WINGFIELD & ASSOCIATES, P.C.


    /s/ Perry L. Foreman, Jr.
Perry L. Foreman, Jr.,
#477057
700 5th St, NW, #300
Washington, D.C. 20001
(202) 789-8000
Attorney for Plaintiff

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **CHARONDA BROWN,** | : |
| Plaintiff, | : |
| | : Civil Action No. 1:05cv01808ES |
| vs. | : |
| | : |
| **UNITED STATES DEPARTMENT OF TRANSPORTATION,** *et al.*, | : |
| Defendants. | : |

### ORDER

UPON CONSIDERATION, of the motion of the Plaintiff to Vacate Dismissal, Reinstate Complaint and Motion for an Extension of Time to Obtain Service on Defendant, allowing her 60 days in which to reissue the summons and serve the Defendants, it is this ____ day of _____, 2006,

ORDERED, that the motion of the Plaintiff be, and it is hereby, granted.

_____
U.S. DISTRICT COURT JUDGE


cc: Perry L. Foreman, Jr., Esquire
    700 5th St., N.W., #300
    Washington, D.C. 20001
    Attorney for Plaintiff

5